UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:16cr4/MCR/HTC
             3:17cv68/MCR/HTC

KENNETH GRANDISON

# REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Kenneth Grandison's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF Doc. 42); Motion to Amend (ECF Doc. 47); and Motion for Summary Judgment (ECF Doc. 61). In his § 2255 motion, Grandison seeks post-conviction relief on the basis that his counsel was ineffective at his guilty plea. He seeks to amend his motion to add a claim for actual innocence and further seeks summary judgment on that claim, contending there is no dispute of fact that the Government has failed to provide sufficient evidence to support his convictions. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After reviewing the record and the arguments presented, the undersigned recommends that the three motions be DENIED without an evidentiary hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 19, 2016, a federal grand jury returned a 2-count indictment against Grandison. ECF Doc. 15. Count One of the Indictment charged Grandison with conspiracy to commit money laundering of proceeds derived from violations of 21 U.S.C. §§ 841(a)[1] and 846 in violation of 18 U.S.C. §§ 1956(a)(1), 1956(h).[2] Count Two charged Grandison with conspiracy to use a communication facility to facilitate the commission of a felony drug offense under 21 U.S.C. § 841(a), in violation of 21 U.S.C. §§ 843(b) and 846.

On February 29, 2016, Grandison entered a guilty plea to both counts of the Indictment at a hearing held before United States Magistrate Judge Elizabeth Timothy. ECF Doc. 44. He was represented by retained counsel, Christopher Crawford. ECF Doc. 14. During that hearing, Grandison and the Government presented the Court with an executed Plea Agreement, Statement of Facts, and sealed Supplement to Plea. ECF Docs. 29-31, 44. After engaging in an extensive colloquy with Grandison, the Magistrate Judge found the plea was being given knowingly and voluntarily and that it was supported by a factual basis. ECF Doc.

---

[1] Title 21 U.S.C. § 841(a) makes it unlawful "(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance; or (2) to create, distribute, dispense, or possess with intent to distribute or dispense, a counterfeit substance."

[2] Title 18 U.S.C. § 1956(h) provides that an individual who conspires to commit an offense in section § 1956 is subject to the same penalties as those prescribed for the substantive offense which was the object of the conspiracy.

Case Nos.: 3:16cr4/MCR/HTC; 3:17cv68/MCR/HTC

44 at 26.   Thus, the Magistrate Judge recommended the plea be accepted, which it was by the District Judge.   ECF Docs. 32, 33.

On May 24, 2016, the Court sentenced Grandison to 108 months' imprisonment on Count 1 and 48 months on Count 2, to be served concurrently. ECF Docs. 39-41.   Grandison did not appeal his judgment of conviction.   In January 2017, Grandison filed the instant *pro se* motion to vacate.

## II.   LEGAL STANDARD

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   A prisoner may pursue ineffective assistance of counsel claims via a § 2255 motion.   *Massaro v. United States*, 538 U.S. 500, 503 (2003).

## III.   GRANDISON'S § 2255 MOTION

Grandison's § 2255 motion contains one single ground for relief: ineffective assistance of counsel ("IAC").   ECF Doc. 1 at 4.   In support of his IAC claim,

Grandison maintains his attorney was constitutionally ineffective for advising him to enter a plea agreement that, in his words, "DOES NOT comport with basic Contract Law," and claims "the contract is INCOMPLETE as it fails to identify a factual basis to which the Petitioner pleads guilty to, therefore, leaving the Petitioner with no reasonable expectation of outcome under the Contract." ECF Doc. 42 at 4. He also claims he "was threatened" by his counsel and "recited all required and coached responses in order to avoid having to suffer an unreasonable sentence threatened by counsel." *Id.* at 4-5.

Grandison's motion also contains the following purported "supporting facts," attacking the plea hearing and plea agreement, generally.[3] Grandison claims, for example, the hearing "was nothing more than a dogmatic display concerning appropriate steps to solidify a contract." *Id.* at 4. He says, the "Trial Court determined the Petitioner's guilt based upon coached yes and no answers, most of which, concerning Rule 11 steps, the Petitioner DID NOT understand." *Id.* at 5. He claims the plea agreement "is voidable because it was engineered and executed as a misleading device intended to defraud the court, the Petitioner, and the public's interest in justice." *Id.* at 6. He also asserts the plea agreement "was based on

---

[3] To the extent that Grandison seeks to attack his plea as violating Rule 11 or because it was not voluntary, such claims must be brought on direct appeal. *See e.g., United States v. Timmreck*, 441 U.S. 780, 784 (1979) (holding that violation of Rule 11 claim could have been brought on direct appeal); *Jackson v. United States*, 375 F. App'x 958, 960 (11th Cir. 2010) (affirming denial of motion for writ of *error coram nobis* because claims challenging the voluntariness of his guilty plea could have been brought on direct appeal).

omissions of fact and law." *Id.* at 7. Finally, he claims the Government committed "fraud during contract negotiations" by including a collateral waiver in the plea agreement. *See id.* at 9. There is, however, no collateral waiver in Grandison's Plea Agreement. ECF Doc. 30.

To prevail on a constitutional claim of ineffective assistance of counsel, the moving party must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Id*. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). Here, Grandison fails to meet the first prong of *Strickland* because he has failed to show that his counsel's performance was deficient.

Grandison's claim is based on the flawed premise that the Plea Agreement was an "incomplete contract." The Plea Agreement was not incomplete; it contained the following agreed upon terms: (1) Grandison was pleading guilty to Counts One and Two of his Indictment; (2) by doing so Grandison was giving up his right to a trial and its associated rights, such as the right to confront witnesses and to require the Government to prove its case beyond a reasonable doubt; (3) Grandison was pleading guilty because he was indeed guilty and (4) the Government would not

file any further criminal charges against him arising out of the same transactions or occurrences to which he was pleading. ECF Doc. 30. The Plea Agreement further advised Grandison of the maximum sentences as to each offense and that his sentence was left to the District Judge to decide. *Id.* The Plea Agreement was executed by Grandison, his counsel and the Government's counsel and followed the standard format used in this district. There were simply no contractual deficiencies in the Plea Agreement and, therefore, his counsel's performance could not have been ineffective. Moreover, at the plea hearing, Grandison admitted he went over the Plea Agreement "very carefully" with counsel, that he "read every page, every line, every word," and that he understood "everything in the document." *Id*. at 16. Also, before asking Grandison how he wished to plead, the Court asked whether he had any questions, and he stated he did not. *Id.* at 25. Moreover, Grandison told the Court he was satisfied with the representation Crawford provided to him. *See id.* at 12.

Grandison's claim that the Plea Agreement was incomplete because it lacked factual recitations is without merit. There is no legal authority requiring factual recitations to be set forth in a written plea agreement. Federal Rule of Criminal Procedure 11, which governs pleas, states that "[b]efore entering a judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed.

R. Crim. P. 11(b)(3). As discussed more below, the transcript of the plea hearing shows the Court did just that here. ECF Doc. 44.

The Plea Agreement was accompanied by a Statement of Facts, also executed by Grandison. ECF Doc. 29. During the plea hearing, Grandison admitted "under oath this afternoon that the facts contained in [the Statement of Facts] were true and correct." ECF No. 44 at 14. Grandison also admitted he went over the Statement of Facts "very carefully with [his] attorney." *Id.* He acknowledged he "read every page, every word, every line" and that he understood "every word, every line." *Id.* Grandison further agreed with the Government that "[t]he defense has had [the Plea Agreement, Statement of Facts and Sealed Supplement] for quite some time." *Id.* In fact, Grandison confirmed to the Court that the "factual basis has been tweaked over time"; that "the first version that was presented to [him] [he] didn't necessarily agree with everything"; and that he does "indeed, agree that everything in [the Statement of Facts] is true and correct." *Id.* at 15.

To further ensure that Grandison understood what he was pleading guilty to and what the Government would have to show if he went to trial, the Court handed Grandison the Eleventh Circuit Pattern Jury Instructions for the offenses at issue. *See id.* at 20-21. Grandison looked at them and confirmed that he had gone over them with his counsel. *See id.* The Court stated that "instead of me reading them

out loud, Mr. Crawford, you go over those with him." In response, Grandison told the Court "[w]e're good with them, ma'am." *Id*.

To the extent Grandison seeks to bolster his IAC claim by arguing that the Court should ignore the responses he gave during the plea colloquy because of alleged threats by his counsel, the undersigned fails to find any basis to do so. A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). This is because solemn declarations made under oath in open court carry a strong presumption of verity. *Id.* at 73-74. "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

During the plea hearing, Grandison denied anyone had promised him anything to get him to enter the plea or that anyone had pressured, threatened or intimidated him. ECF Doc. 44 at 25. Grandison's general allegation that he "recited all required and coached responses in order to avoid having to suffer an unreasonable sentence threatened by Counsel"[4] is insufficient to rebut the presumption that his

---

4 Grandison's allegation that his counsel threatened him with an unreasonable sentence is further undermined by his executed Plea Agreement. In the Plea Agreement, Grandison acknowledged

sworn statements under oath at the plea proceeding were true. *See Blackledge*, 431 U.S. at 74 (a defendant's statements during a plea colloquy are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice). The Eleventh Circuit has held that similar allegations are subject to summary dismissal. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (citing *Blackledge*, 431 U.S. at 74).

In *Winthrop*, the defendant claimed he was coerced with death threats to enter a plea and his counsel was ineffective for instructing him to report the threats. *See id.* at 1212. Despite submitting an affidavit to support his allegations, the appeals court agreed defendant "put forward only implausible and conclusory allegations" and found the district court is "entitled to discredit a defendant's newly-minted story about being threatened when that story is supported only by the defendant's conclusory statements." *See id*. at 1212, 1217. A defendant bears a heavy burden to show his statements [under oath] were false. *Id.* at 1217 (quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)). Grandison has not met that burden here. The undersigned recommends the IAC claim be denied without an evidentiary hearing because "the motion and files and records [] conclusively show

---

that the only one who controlled his sentence was the District Judge and that "any prediction of the sentence that may be imposed is not a guarantee or binding promise." ECF Doc. 30.

Case Nos.: 3:16cr4/MCR/HTC; 3:17cv68/MCR/HTC

that [Grandison] is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Winthrop-Redin*, 767 F.3d at 1212.

## IV.   AMENDED MOTION

Grandison moves to amend his § 2255 motion to add a claim of "actual innocence." ECF Doc. 47. The Government opposes the amendment as untimely because it was not filed within the one year statute of limitations outlined in § 2255(f) and does not relate back to Grandison's original motion. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [notwithstanding] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Indeed, a showing of actual innocence is an exception to a procedural default. *See e.g., Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 2008) (remanding case to district court for determination as to whether defendant could avoid procedural bar of failing to challenge his firearm conviction on direct appeal on theory that he was "actually innocent"). Thus, the amendment would not be untimely. However, the undersigned, nonetheless, recommends the motion to amend be denied because it is futile. *See e.g., Oleson v. United States*, 27 F. App'x 566, 570 (6th Cir. 2001) (affirming denial of motion to amend *pro se* § 2255 motion based on futility); *Hazel v. United States,* 303 F. Supp. 2d 753, 763 (E.D. Va. 2004) (caselaw interpreting the rule makes clear, however, that a court must not grant leave to amend if the requested

amendment would be futile, *i.e.,* if the added claim would surely fail). The record simply does not support a finding of actual innocence.

First, because Grandison's conviction was the direct result "of a plea of guilty voluntarily and knowingly entered, he may not now raise the defense of his innocence." *Frye v. United States*, 411 F.2d 562, 563 (5th Cir. 1969). Although Grandison may argue his plea was not knowing or voluntary, as discussed above, his responses to the Court during the plea colloquy undermine any such argument. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (Johnson's plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty).

Second, even if his guilty plea does not foreclose a claim of actual innocence, the facts of this case do. Actual innocence "means factual innocence not mere legal insufficiency." *McKay v. United States*, 657 F. 3d 1190 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A moving party must support his allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A claim that constitutional error has caused the conviction of an innocent person is extremely rare because "such [new and reliable] evidence is obviously unavailable in the vast majority of cases." *See id.*

Grandison claims the criminal complaint filed against him in this case never established a nexus between the accounts into which he made the allegedly unlawful deposits and the drug proceeds, and he notes that drugs were never mentioned on the face of the criminal complaint leading to his arrest. Grandison suggests that law enforcement only learned of his drug dealing after he was arrested and confessed and then used his confession to secure an indictment. ECF Doc. 47 at 2-3. The reason for the confession is irrelevant as the confession itself precludes a finding of actual innocence. Regardless, Grandison is factually wrong. The criminal complaint was supported by an affidavit from IRS Special Agent Christopher S. Pekerol,[5] and contained detailed information from five (5) cooperating sources regarding Grandison's involvement with illegal drugs from out-of-state sources for further sale and distribution in Pensacola, Florida. ECF Doc. 2 at 3-5. Grandison's subsequent post-*Miranda* statements to law enforcement merely confirmed what was already known.

Additionally, the facts set forth in Special Agent Pekerol's affidavit and agreed to by Grandison in the Factual Basis for the Guilty Plea, including the following, also foreclose any finding that Grandison was actually innocent. *See McQuiggin*, 569 U.S. at 390 (a successful plea of actual innocence requires a

---

[5] The affidavit was initially filed under seal and was unsealed on January 6, 2016.

Case Nos.: 3:16cr4/MCR/HTC; 3:17cv68/MCR/HTC

showing that "taking account of all the evidence, it is more likely than not that no reasonable juror would have convicted him"):

- The identification of thirty-one (31) out-of-state bank accounts Grandison used to launder drug trafficking proceeds and in which he deposited large sums of cash. ECF Doc. 2 at 6-8. Between January of 2012 and late 2015, Grandison made over eight hundred cash deposits totaling over $3,000,000 to accounts at Wells Fargo Bank and Bank of America. *Id.* Grandison agreed in the Statement of Facts that the laundered money attributable to him falls between $1.5 million and $3.5 million. ECF Doc. 29 at 4.

- These deposits included numerous individual deposits under $10,000, to avoid currency transaction reporting requirements. ECF Doc. 2 at 8-18. This was a fact included in the Statement of Facts, which was admitted to by Grandison. *See* ECF Doc. 29 at 2.

- Information from six (6) bank tellers identifying Grandison as the person making cash deposits into the out of state accounts identified by law enforcement. ECF Doc. 2 at 18-20. This was a fact included in the Statement of Facts, which was admitted to by Grandison. *See* ECF 29 at 2.

- Video camera footage of Grandison making such a deposit at one of the banks. ECF Doc. 2 at 20. This was a fact included in the Statement of Facts, which was admitted to by Grandison. *See* ECF 29 at 2.

- Cell phone data confirming the bank account numbers he would be provided to use for the deposits. *See id.* at 3.

- Tax records showing Grandison's legitimate income was far less than the amount of cash he deposited into the accounts identified by law enforcement. ECF Doc. 2 at 22. This was a fact included in the Statement of Facts, which was admitted to by Grandison. *See* ECF 29 at 3.

Based on the record, Grandison has failed to establish that his guilty plea "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623. He has failed to identify any "new" evidence or any evidence that was unavailable which would show he was innocent. *See Leath v. McNeil,* 2008 WL 5427781, *4-5 (S.D. Fla. Dec. 30, 2008) (rejecting claim of actual innocence based on record, plea colloquy and lack of any new evidence of innocence). Indeed, Grandison does not even contend he is actually innocent. Simply, this is not the "rare" case where actual innocence is applicable. *Schlup*, 513 U.S. at 324.

## CONCLUSION

An evidentiary hearing is not necessary to resolve Grandison's claims. For the foregoing reasons, the undersigned finds the claim raised in Grandison's original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is without merit. Additionally, his proposed amendment is futile, and his motion for summary judgment seeking immediate ruling on his § 2255 motion is now moot. Therefore, the undersigned recommends all pending motions be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

Case Nos.: 3:16cr4/MCR/HTC; 3:17cv68/MCR/HTC

Case 3:16-cr-00004-MCR-HTC   Document 64   Filed 05/29/19   Page 15 of 16

Page 15 of 16

2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Motion to Vacate, Set Aside, or Correct Sentence (ECF Doc. 42) be DENIED.

2. The Motion to Amend Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Doc. 47) be DENIED.

3. The Motion for Summary Judgment (ECF Doc. 61) be DENIED as moot.

4. A certificate of appealability be DENIED.

At Pensacola, Florida, this 28th day of May, 2019.

                        */s/ Hope Thai Cannon*
                        **HOPE THAI CANNON**
                        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.